UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NORMA POSADA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-98 |
| | § | |
| DOLGENCORP OF TEXAS, INC.; dba | § | |
| DOLLAR GENERAL, STORE NO. 3275, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered the Court's <u>sua sponte</u> review of its subject matter jurisdiction in the above-styled action. For the reasons discussed below, the Court REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 36th Judicial District of Bee County, Texas, where it was originally filed and assigned Cause No. B-10-1071-CV-A.

### I.     Factual and Procedural Background

Plaintiff Norma Posada brought this negligence action in state court on February 8, 2010 against Defendant Dolgencorp of Texas. (D.E. 1, Original Petition.) Plaintiff alleges that while she was working at the Dollar Store owned by Defendant in Beeville, Texas on August 16, 2009, she fell on a waxed floor causing injuries "to her knee, hip, back, and other parts of her body." (D.E. 1, p. 2, 6.) Defendant was served with the Original Petition on March 8, 2010 and timely removed this action to this Court on April 4, 2010 invoking diversity jurisdiction.[1] (D.E. 1, p. 1.)

---

[1] For purpose of removal, this Court looks only to the pleadings and allegations at the time of removal. See <u>Adair v. Lease Partners, Inc.</u>, 587 F.3d 238, 243 (5th Cir. 2009) ("[T]he power to remove is evaluated at the time of removal."); <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 265 (5th Cir. 1995) (finding removal jurisdiction is based on complaint at the time of removal and a plaintiff cannot defeat removal by amending the complaint).

## II.     Discussion

### A.     General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id. When subject matter jurisdiction is improper, a court may raise the issue sua sponte. See Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) ("We are duty-bound to examine the basis of subject matter jurisdiction sua sponte." (citations omitted)); H&D Tire and Auto. Hardware v. Pitney Bowes Inc., 227 F.3d 326, 328 (5th Cir. 2000) ("We have a duty to raise the issue of subject matter jurisdiction sua sponte.").

### B.     Removal Based on Diversity Jurisdiction

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a).

#### 1.     Diversity of Parties

Section 1332(a) requires "complete diversity" of citizenship, and the district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). In removal cases, diversity of citizenship must exist both at the time of filing in state court and at

the time of removal to federal court. See Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).

In this case, it is not clear whether complete diversity exists. Both parties agree that Plaintiff is a citizen of Texas. (D.E. 1, p. 2; D.E. 1, Original Petition, p. 1.) Defendant Dolgencorp of Texas alleges that it is incorporated in Kentucky with its principal place of business in Tennessee. (D.E. 1, p. 2.) It is unclear whether Tennessee is actually Dolgencorp of Texas' principal place of business.[2] This Court need not address complete diversity because the Court lacks jurisdiction on another basis.

## 2.   Amount in Controversy

Generally, the amount in controversy for the purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See Manguno, 276 F.3d at 723; St. Paul Reinsurance Co., 134 F.3d at 1253; Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

Plaintiff's Original Petition does not specify damages over $75,000. (D.E. 1, Original Petition.) Plaintiff's Petition merely alleges that she fell on a recently waxed floor injuring her "knee, hip, back, and other parts of her body." (D.E. 1, p. 6.) Plaintiff makes general allegations that this injury caused damages including pain and suffering, physical impairment, lost wages, and lost earning capacity. (D.E. 1, p. 10.) Plaintiff does not state a specific amount of monetary damages that she is seeking. (D.E. 1, p. 10.)  Due to these limited and general allegations, it is

---

[2] As the name "Dolencorp of Texas" suggests, Defendant has strong ties to Texas. For example, disclosures from Defendant's parent company show that there are more Dollar General Stores in Texas than anywhere else in the country. DOLLAR GENERAL CORP. ANNUAL REPORT (Form 10-k), at 20 (March 31, 2010). Indeed, while there are 1,1016 Dollar General Stores in Texas, there are only 455 stores in Tennessee. Id.

impossible to determine based upon the face of the Original Petition that Plaintiff's claims would exceed the jurisdictional amount. See, e.g., Vanguard Machinery Int'l, LLC v. Smith Publishing, Inc., No. H-07-3490, 2008 WL 416254, at *2 (S.D. Tex. Feb. 13, 2008) ("[W]hether it is facially apparent that a plaintiff's claims will likely exceed the jurisdictional amount largely depends on whether the facts alleged in the petition warrant such an inference."). Because amount in controversy is not facially apparent from the Original Petition, the Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. St. Paul Reinsurance Co., 134 F.3d at 1253.

Defendant's notice of removal is devoid of any evidence that would show the amount in controversy surpassing $75,000. Defendant in a conclusory manner assert that "the matter in controversy exceeds the sum or value of $75,000." (D.E. 1, p. 1.) "Removal, however, cannot be based simply upon conclusory allegations." Allen, 63 F.3d at 1335. See Doiron v. Nat'l Sec. Fire & Cas. Co., 2007 U.S. Dist. LEXIS 36692 (E.D. La. 2007) (remanding case because "Defendant has offered no evidence as to the actual amount in controversy . . . [and] has simply made conclusory statements that the amount in controversy exceeds $ 75,000"); Randolph v. Oxmoor House, Inc., 2002 U.S. Dist. LEXIS 26286 (W.D. Tex. 2002) (finding that "there is no basis for the Court to conclude that diversity jurisdiction" exists because "in determining the amount in controversy, [Defendant] has presented no evidence to show its potential costs"). Based on Defendant's assertions alone, this Court cannot assume that the amount in controversy requirement has been met. This is especially true given that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723 (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

Defendant has thus failed to establish that this action involves an amount in controversy of more than $75,000, exclusive of costs and interests, as required for this Court to have diversity jurisdiction over this suit pursuant to 28 U.S.C. § 1332. Therefore, Defendant has failed to meet its burden of showing that federal jurisdiction exists and that removal was proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921 (5th Cir. 1997) ("The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit.") Accordingly, this Court must remand this action. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see also Lott v. Dutchmen Mfg., Inc., 422 F.Supp.2d 750, 752 (E.D. Tex. 2006) citing Manguno, 276 F.3d at 723.

### III. Conclusion

For the reasons stated above, this Court determines sua sponte that it does not have subject matter jurisdiction over the above-styled action. This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 36th Judicial District of Bee County, Texas, where it was originally filed and assigned Cause No. B-10-1071-CV-A.

SIGNED and ORDERED this 5th day of May, 2010.

_____
Janis Graham Jack
United States District Judge